# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-181

                                             District Judge Walter Herbert Rice
- vs -                                 Magistrate Judge Michael R. Merz

KENNETH CARTER,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255, brought with the assistance of counsel (ECF No. 93).  Rule 4 of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

As with all collateral attacks on criminal judgments filed at the Dayton location of court, the § 2255 proceedings have been referred to the undersigned pursuant to General Order Day 13-01.

Carter claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016);  *In re:  Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

**Procedural History**

Kenneth Carter was indicted by the grand jury for this District on December 22, 2009, and charged with conspiracy to distribute cocaine in excess of five kilograms (Count One), violation of the Hobbs Act (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three), and possession of a firearm in furtherance of a crime of violence (Count Four)(Indictment ECF No. 14).  On June 3, 2010, he entered into a Plea Agreement with the United States under which he agreed to plead to Counts Two and Four (ECF No. 38, PageID 142).  He acknowledged that Count Four carried a mandatory minimum sentence of sixty months which was required to be served consecutively to any sentence on Count Two.  *Id.*  at ¶ 2.

Having accepted Carter's plea, Judge Rice referred the case to the Probation Department for preparation of a Presentence Investigation Report ("PSR").  Having reviewed the PSR, Judge Rice adopted it without change (Statement of Reasons, ECF No. 58, PageID 209).  He then

imposed a sentence of thirty-six months on Count Two and sixty months consecutive on Count Four (Minute entry, ECF No. 54; Judgment, ECF No. 57). Carter took no appeal, but filed the instant § 2255 Motion on July 21, 2016.

## Analysis

*Johnson, supra,* declared unconstitutional the so-called residual clause of the ACCA. However, Carter was not sentenced under the ACCA which is 18 U.S.C. § 924(e) and requires three prior qualifying predicate convictions. Rather, Count Four charged him with possessing a firearm in furtherance of a Hobbs Act violation under 18 U.S.C. § 924(c)(1)(A)(ii). He pled guilty to that charge and received the minimum mandatory penalty of five years imprisonment consecutive to the Hobbs Act sentence.

The charge to which Carter pled guilty does not require proof of any prior qualifying convictions. Rather it requires only that the firearm have been possessed in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(C)(3) defines "crime of violence":

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A)
> has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)
> that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Count Two of the Indictment, the Hobbs Act violation to which Carter pled guilty, charged him with conspiring to interfere with commerce "by robbery and threats of physical violence." The

3

Indictment thus tracked the statute, 18 U.S.C. § 1951, which has as an element the use or threatened use of force against the person or property of another.  The Hobbs Act violation charged in the Indictment here, and to which Carter pled guilty, needs no reference to the residual clause of 18 U.S.C. § 924(c)(1)(C)(3) to qualify.

In any event, the Sixth Circuit has held 18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutional, even in light of *Johnson.  United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).  Carter acknowledges *Taylor*, but says he wishes to preserve this issue "in the event the *en banc* court or Supreme Court rules otherwise."  (Motion, ECF No. 181, PageID 447.)  The Sixth Circuit has denied rehearing en banc.  *United States v. Taylor*, 2016 U.S. App. LEXIS 9974 (6th Cir. May 9, 2016).  Although certiorari from the Supreme Court remains possible, this Court must follow published precedent of the Sixth Circuit so long as it remains controlling precedent.  Therefore Carter's sole claim for relief is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).